# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS ERNST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-2340-TC-TJJ |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT

Pro se Plaintiff Curtis Ernst brings this case against Defendant Nationwide Mutual Insurance Company, claiming that Defendant breached an insurance contract by refusing to pay a claim that was fully covered by the policy. Specifically, Plaintiff owned a 2001 John Deere 6950 Silage Cutter. On August 4, 2012, the Silage Cutter was vandalized or had a mechanical breakdown, causing the engine to be rendered inoperable. Plaintiff submitted a claim, which Defendant denied on September 12, 2014. Plaintiff believed he had five years to file suit after the

denial under the Kansas statute of limitations for breach of written contracts.[1] Plaintiff initially filed a case in state court on September 12, 2019—within five years of the denial of his claim. This lawsuit was dismissed and refiled in federal court within the Kansas "savings statute" deadline.[2] Nevertheless, Defendant moved to dismiss this case based on a shorter contractual limitation for bringing legal claims set out in the insurance contract at issue—within five years of the date on which the alleged physical loss or damage occurred—or by August 4, 2017.[3]

In addition to responding to Defendant's motion to dismiss, Plaintiff filed a motion to amend his Amended Complaint. It is this motion that is now before the Court (ECF No. 25). Through his motion, Plaintiff seeks to add three counts to his existing one-count (breach of contract) Amended Complaint:

(1) <u>Count II:</u> Fraud by Silence – Estoppel to Assert Contractual Limitation of Suit;

(2) <u>Count III:</u> Negligence and Negligent Misrepresentation; and

(3) <u>Count IV:</u> Spoliation or Destruction of a Cause of Action.

The three proposed counts are nearly identical. All three seek to accomplish the same goal: to provide a reason that Defendant must be estopped from relying on the contractually-shortened time to bring suit. Otherwise, Plaintiff's lawsuit may be untimely. In all three proposed counts, Plaintiff asserts that he never received a copy of the policy until January 14, 2021, and that Defendant had a duty to provide him with a copy of the policy and to point out the contractually-shortened limitation of suit.

---

[1] K.S.A. § 60-511(1).

[2] K.S.A. § 60-518.

[3] ECF Nos. 21, 22.

Defendant opposes the motion, arguing that the proposed new claims are futile. Because the Court agrees that the claims are futile, the Court issues the following Report and Recommendation to the District Judge.[4]

## Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[6] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[7] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's

---

[4] When the Court denies a motion to amend based on futility, it can be construed as a dispositive action. *See Gardiner v. McBryde*, No. 15-3151-DDC, 2018 WL 6991101, at *1 n.3 (D. Kan. Oct. 5, 2018), *report and recommendation adopted*, No. 15-3151-DDC-JPO, 2018 WL 6715827 (D. Kan. Dec. 21, 2018) (citing *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014) ("When a court denies a claim as futile on a motion for leave to amend, the denial 'has the identical effect as an order dismissing potential claims' and is therefore dispositive." (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002)))); *Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2005 WL 3307215, at *1 (D. Kan. Dec. 6, 2005) (reviewing futility-based denial of motion to amend under de novo standard); *McCormick v. City of Lawrence, Kan.*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. Jan. 17, 2003) (same); *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (same); *see also Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D. Kan. Feb. 14, 2014) ("[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order.") (emphasis added) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011)). While certainly there are cases holding generally that a motion to amend is non-dispositive, the Court believes issuing a Report and Recommendation is the better approach when denying leave based on futility, as the Tenth Circuit has indicated that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews de novo." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*; accord *Foman v. Davis*, 371 U.S. 178, 182 (1962).

discretion and will not be disturbed absent an abuse of that discretion.[8] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[10] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[11] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[12] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[13] The party opposing the proposed amendment bears the burden of establishing its futility.[14]

---

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[9] *Id*. (quoting *Foman*, 371 U.S. at 182).

[10] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[11] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Twombly*, 550 U.S. at 555.

[13] *Id.* at 556.

[14] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

Analysis

In determining whether to grant Plaintiff leave to amend, the Court addresses all three of the proposed counts with the same analysis. Although Plaintiff terms them as individual claims, they all require one common element: a duty for Defendant to make sure Plaintiff was aware that the policy required him to file suit within five years of the date on which the alleged physical loss or damage occurred—not within five years of denial of his claim. This duty simply doesn't exist under Kansas law.

For a party to be equitably estopped from relying on a contractual provision (which is essentially what Plaintiff claims in all three proposed counts), that party must show "that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed. It also must show it rightfully relied and acted upon such belief."[15] The doctrine represents "an inherent power of the courts used to punish unconscionable conduct and estop a guilty party from taking advantage of his or her fraudulent conduct."[16] If any essential element is lacking, there can be no equitable estoppel.[17] Plaintiff bears the burden to allege sufficient facts to showing equitable estoppel is appropriate.[18]

The Court first briefly addresses Plaintiff's claim that Defendant had a duty to point out the contractual time limitation to him. In a District of Kansas case similar to the case at hand, Judge Marten held that the insurer did not have a duty to inform its insured of limits on filing

---

[15] *United Am. State Bank & Tr. Co. v. Wild W. Chrysler Plymouth, Inc.*, 561 P.2d 792, 795 (Kan. 1977).

[16] *Robinson v. Shah*, 936 P.2d 784, 796 (Kan. Ct. App. 1997).

[17] *Infinity Energy Res. v. St. Paul Fire & Marine Ins. Co.*, No. 12-2685-JTM, 2013 WL 3792899, at *10 (D. Kan. July 19, 2013) (citing *Gillespie v. Seymour*, 823 P.2d 782, 130–31 (Kan. 1991)).

[18] *See United Am. State Bank & Tr. Co.*, 561 P.2d at 795.

suit, absent special circumstances.[19] Plaintiff has not alleged such circumstances here. And Kansas recognizes that contractual limitations on suit are acceptable when they do not violate an articulated public policy—even if the statute of limitations would offer a plaintiff more time to file suit.[20] Because a duty to "highlight" the contractual limitation does not exist, the Court turns to the next duty Plaintiff alleges: to provide him with a copy of the policy.

Plaintiff attempts to "derive" a duty from insurance statutes and regulations. Specifically, Plaintiff argues that K.S.A. § 40-2404(9)(a) and K.A.R. § 40-1-34 provide the "benchmarks-of-conduct, or minimum-standards-of-conduct against which to measure or determine whether the conduct of a Defendant bound by those standards is Negligent or in violation of any duty-related element of any of the Torts which the Plaintiff has pled in the Proposed Second Amended Complaint."[21] Plaintiff clarifies that he does not intend to suggest that this statute and regulation are the <u>source</u> of his claims; only that they provide the duty Defendant argues is lacking in this case.[22]

While K.S.A. § 40-2404(9)(a)[23] may impose a duty not to misrepresent policy provisions, Plaintiff does not allege facts in his proposed second amended complaint suggesting that

---

[19] *Infinity Energy Res.*, 2013 WL 3792899, at *10 ("Infinity has not shown that St. Paul had any duty to affirmatively warn Infinity about the two-year limitations period within the policy.").

[20] *Id*. at *7.

[21] ECF No. 31 at 2.

[22] In so arguing, Plaintiff was responding to a suggestion in Defendant's reply brief to its motion to dismiss that Plaintiff was attempting to proceed under the Kansas Unfair Trade Practices Act, which does not offer a private right of action. ECF No. 28 at 5 n.11.

[23] K.S.A. § 40-2404(9)(a) provides:

> (9) Unfair claim settlement practices. It is an unfair claim settlement practice if any of the following or any rules and regulations pertaining thereto are either committed flagrantly and in conscious disregard of such provisions, or committed with such frequency as to indicate a general business practice:

Defendant misrepresented facts or policy provisions. Rather, Plaintiff alleges that Defendant had a duty to (1) provide Plaintiff with a copy of the policy;[24] (2) "properly represent the true provisions of the policy at issue and to assure that such correct representations would occur by providing the Plaintiff with a copy of the policy";[25] and (3) "cooperate with the Plaintiff in the proper processing of the Plaintiff's insurance claim and to, therefore, provide the Plaintiff with a copy of the policy."[26] All three proposed claims are grounded in a duty to provide a copy of the policy—something that K.S.A. § 40-2404(9)(a) does not require.

As for K.A.R. § 40-1-34, this regulation adopts the national association of insurance commissioners' "unfair claims settlement practices model regulation" of January 1981. Plaintiff asserts that the following regulatory language imposes a duty upon Defendant:

> 5(a) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.
>
> 5(b) No agent shall conceal from first party claimants benefits, coverages or other provisions of any insurance policy or insurance contract, when such benefits, coverages or other provisions are pertinent to a claim.
>
> . . . .
>
> 6(d) Every insurer, upon receiving notification of claim, shall promptly provide necessary claim forms, instructions, and reasonable assistance so that first party claimants can comply with the policy conditions and the insurer's reasonable requirements. . . .
>
> . . . .

---

(a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue . . . .

[24] ECF No. 25-1 at 11 ¶ 47.

[25] *Id.* at 14 ¶ 57.

[26] *Id.* at 18 ¶ 70.

> 8(h) Insurers shall not continue negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney when the claimant's rights may be affected by a statute of limitations or a policy or a contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights. Such notice shall be given to first party claimants thirty days and to third party claimants sixty days before the date on which such time limit may expire.[27]

Section 5(a) above may impose a duty on Defendant to deliver to Plaintiff a copy of the insurance contract.[28] But even if Plaintiff has the possibility of prevailing on a basic negligence claim for failing to deliver a copy of the insurance policy, Plaintiff would still have to comply with the contractual time limitation on filing suit. Excuse from compliance with that limitation can only come through the application of the doctrine of equitable estoppel. And equitable estoppel requires that a party not sleep on his rights.[29] The Court examines the equitable estoppel theory in greater depth, *infra*.

Sections 5(b), 6(d), and 8(h) are not applicable here, even if they might impose a duty under different facts. Section 5(b) prohibits agents from "concealing" pertinent provisions. Plaintiff merely alleges that Defendant failed to deliver a copy of the policy—not that Defendant actively concealed the terms of the policy. Section 6(d) requires insurers to give "reasonable assistance so that first party claimants can comply with the policy conditions and the insurer's reasonable requirements." This language does not go so far as to create an enforceable duty to

---

[27] UNFAIR CLAIMS SETTLEMENT PRACTICES MODEL REGULATIONS, available at http://www.ksinsurance.org/company/Model_ Laws/Ref_40–1–34.html.

[28] *Cf. Roberts v. Printup*, 422 F.3d 1211, 1219 (10th Cir. 2005) (reversing grant of summary judgment on negligence claim for actions violating a time limitation within which an insurer must acknowledge receipt of a claim in Unfair Claims Settlement Practices Model Regulation § 6(a)).

[29] *Dunn v. Dunn*, 281 P.3d 540, 555 (Kan. Ct. App. 2012) (citation omitted).

provide a copy of the insurance policy under the facts presented here, where Plaintiff does not allege that he requested Defendant's assistance in the claims process or timely requested a copy of his insurance policy. And Section 8(h) only imposes a duty to inform a claimant that his time to bring suit may run within 30 days of the deadline. Here, the claims process ended on September 12, 2014. The deadline under the policy would not pass for another 35 months. No duty arose while Plaintiff was proceeding without representation during the claims process.

For all of the reasons noted, *supra*, the Court finds Plaintiff's argument that Defendant owed Plaintiff a duty to provide him a copy of the insurance policy based on the statute and regulations cited unpersuasive. Moreover, Plaintiff's argument that Defendant should be equitably estopped from relying on the contractual time limitation on suits is unavailing due to Plaintiff's own inaction. Application of this equitable principle imposes some level of duty on Plaintiff himself,[30] to wit: Kansas law imposes a duty on parties to review an insurance policy.[31] Plaintiff complains that he never received a copy of the policy (until January 2021), but if Plaintiff wants to benefit from an equitable principle, he must have taken action to protect his own interests.[32] Plaintiff does not allege that he *requested* a copy of the policy when he procured the insurance, when he made his claim under it, or at any other time before the contractual limitation period ran on August 4, 2017. Indeed, although any reference to the date on which

---

[30] *See United Am. State Bank & Tr. Co.*, 561 P.2d at 795 (requiring <u>rightful</u> reliance on representations).

[31] *Liberty Mut. Ins. Co. v. Clemens Coal Co.*, 250 F. Supp. 3d 825, 837 (D. Kan. 2017) (citing *Jones v. Reliable Sec. Inc.*, 28 P.3d 1051, 1062 (Kan. Ct. App. 2001)); *see also Marshall v. Kan. Med. Mut. Ins. Co.*, 73 P.3d 120, 129 (Kan. 2003) ("A party to a contract has a duty to learn the contents of a written contract before signing it." (citation omitted)).

[32] *Jones*, 28 P.3d at 1062 ("Generally, equity aids the vigilant and not those who slumber on their rights. A vigilant insured paying significant premiums should be expected to obtain and read a copy of the policy[.]"); *see also Miner v. Farm Bur. Mut Ins. Co.*, 841 P.2d 1093, 1102 (Kan. Ct. App. 1992) ("Even where a contracting party is unable to read, the party is under a duty to have a reliable person read and explain the contract to them before signing it.").

Plaintiff requested the policy is conspicuously absent from Plaintiff's pleadings and briefing, it appears that Plaintiff did not request a copy of the policy until 2018.[33] But, apparently, Plaintiff did not read this policy when he received it, as he only realized he had the wrong policy and requested the correct one after filing this federal suit and Defendant raised the question of which policy Plaintiff was suing under, in the latter part of 2020.[34]

Plaintiff alleges no action or failure to act on the part of Defendant to suggest Defendant is a "guilty party" that must be estopped from benefiting from fraudulent conduct.[35] Plaintiff has not alleged that Defendant induced or lulled Plaintiff into delaying filing suit.[36] Moreover, although Plaintiff alleges that he "relied upon the Fraud by Silence of the Defendant,"[37] this allegation is conclusory and contains no facts supporting why or how Plaintiff relied on Defendant's silence as to the limitation on suit.[38] The facts discussed above support the opposite conclusion. That Plaintiff did not request a copy of the insurance policy until 2018 (more than five years after the alleged loss and well after the contractual limitation period) and even then apparently didn't read the policy, indicates that Plaintiff was not acting in reliance upon

---

[33] In his Affidavit filed in support of the motion for leave to file Second Amended Complaint, Plaintiff states he contacted his insurance agent to request a complete copy of all policies in force when the subject loss occurred and 30 days later received the insurance policy that was filed with the Court as Exhibit A to the Complaint. ECF No. 25 at 1–2 ¶ 2. The copy of the insurance policy attached as Exhibit A to Plaintiff's Complaint states, "REPRINTED 04/19/2018." ECF No. 1-2 at 3

[34] ECF Nos. 5, 6.

[35] *See Robinson*, 936 P.2d at 796 ("Equitable estoppel is a way of saying that the statute of limitations and the statute of repose are valid and would be absolute defenses to this action but <u>because of your conduct as a litigant</u>, you, and only you, will not be permitted to raise those defenses.") (emphasis added).

[36] *See Infinity Energy Res.*, 2013 WL 3792899, at *10 ("Infinity has not shown facts that St. Paul acted in any way to cause Infinity to not file suit within two years, as the insurance policy requires.").

[37] ECF No. 25-1 at 13 ¶ 52; 17 ¶ 65; and 21 ¶ 78.

[38] *See Infinity Energy Res.*, 2013 WL 3792899, at *10 ("Infinity has not provided facts that it relied upon, or failed to act because of, St. Paul's silence.").

Defendant. Instead, Plaintiff acted on his own false presumption that the general five-year statute of limitations applied—a presumption of his own making. And although Plaintiff claims Defendant did not provide him with the insurance policy, he does not claim that Defendant limited his access to the policy—only that, in the absence of a request by Plaintiff, Defendant did not offer a copy of the policy.[39] Like Judge Marten found in *Infinity Energy Resources*, Plaintiff has not sufficiently alleged that Defendant must be estopped from relying on the contractional limitation to filing suit.

## Conclusion

For the reasons outlined above, the Court determines that amendment to add claims supporting an equitable estoppel argument would be futile. Plaintiff's allegations fail to demonstrate a duty for Defendant to provide a copy of the insurance policy or to point out the time limitation on filing suit. And Plaintiff's allegations wholly fail to demonstrate that he took action to protect his rights in a timely manner or that Defendant took action that caused Plaintiff to fail to file his lawsuit until after the contractual time limitation on filing suit passed. Adding claims to estop Defendant from raising the contractual limitation on suit, therefore, would be futile.

Under Fed. R. Civ. P. 72(b), on a case-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiffs' motion.

---

[39] *See Infinity Energy Res.*, 2013 WL 3792899, at *10 ("Infinity does not claim that its access to the terms of the policy was restricted.").

11

## **RECOMMENDATION**

Based upon the above findings, it is hereby recommended that Plaintiff's motion for leave to file a second amended complaint (ECF No. 25) be **DENIED**.

Respectfully submitted.

Dated this 27th day of July, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge