**In the United States District Court
for the District of Kansas**

---

Case No. 20-cv-2340-TC-TJJ

---

CURTIS ERNST,

*Plaintiff*

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

*Defendant*

---

**MEMORANDUM AND ORDER**

Plaintiff Curtis Ernst brought this suit against Nationwide Insurance Company for a breach of his insurance contract. Doc. 20. Nationwide moved to dismiss. Doc. 21. Ernst opposed that motion, Doc. 24, and requested leave to further amend his complaint, Doc. 25. Magistrate Judge Teresa J. James issued a Report and Recommendation finding that Ernst's proposed amendment would be futile and should not be permitted. Doc. 32. Ernst timely objected to the R&R and then moved to supplement his objection. Docs. 33 & 34. For the following reasons, Nationwide's motion to dismiss is granted, the R&R is adopted, and Ernst's motion to supplement is denied.

**I**

**A**

**1.** To survive a motion to dismiss for failure to state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any

formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the Court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

**2.** Objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060.

Once a party timely files a written objection to an R&R, the Court must conduct a de novo review of "those portions of the report" to which an objection is lodged. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). But for any portion of an R&R to which a party fails to make a proper objection, district courts have discretion to review the recommendation under any standard they deem appropriate. *Summers*,

927 F.2d at 1167–68; *cf. Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1152 (10th Cir. 2007) (holding failure to object firmly waives appellate review of R&R).

**3.** Ernst is proceeding pro se, which requires a generous construction of his pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements. *Id.* But, importantly, it does not permit the Court to construct legal theories on Ernst's behalf or to assume facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B**

This case stems from a denied insurance claim. Curtis insured his silage cutter through Nationwide on May 15, 2012. A few months later, on August 4, the silage cutter suffered engine failure, either due to vandalism or a mechanical issue. Doc. 20 at ¶¶ 13–14. Ernst filed a claim, which Nationwide denied on September 12, 2014. *Id.* at ¶ 18.

On September 12, 2019—exactly five years after Nationwide denied his claim, and roughly seven years after the loss of his silage cutter—Ernst filed an action in state court. Doc. 20 at ¶¶ 4–6. The state court dismissed Ernst's suit without prejudice, and Ernst refiled in this Court before the Kansas "savings statute" deadline. Doc. 20 at ¶ 7; *see* K.S.A. § 60-518.

Nationwide moved to dismiss Ernst's suit, arguing that it was untimely. Doc. 21. Although Kansas statute provides five years from a breach in which to bring a claim on a written contract, *see* K.S.A. § 60-511(1), Ernst's insurance policy expressly limited his time to file suit to five years from the *loss* that gave rise to the disputed insurance claim. Doc. 25-2 at 94.

In a proposed second amended complaint, Ernst argues that the policy's limitations provision is unenforceable or that Nationwide should be estopped from relying on it. Doc. 25-1 at ¶ 53. As a result, he seeks leave to allege various torts, including "Fraud by Silence – Estoppel to Assert Contractual Limitations of Suit," "Negligence and Negligent Misrepresentation," and "Spoliation or Destruction of a Cause of Action." Doc. 25.

Magistrate Judge James issued an R&R concluding that it would be futile to permit the amendment because Ernst's proposed tort claims are just varied, nonviable attempts to plead equitable estoppel. Doc. 32 at 11. The R&R notified Ernst that he had 14 days to file any objections, if he wanted "to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition." *Id.* at 1. Ernst timely filed objections, Doc. 33, and later sought to supplement those objections, Doc. 34.

## II

Nationwide's motion to dismiss is granted because the suit was filed too late under the insurance policy's limitations provision. Ernst's objections to the R&R are overruled because the R&R correctly determined that Ernst's proposed amended claims are futile. And finally, Ernst's motion to supplement his objections is denied because it seeks to add a new argument that, even if considered, would not alter these conclusions.

### A

Nationwide moves to dismiss Ernst's current complaint for failure to state a claim on which relief can be granted. Doc. 21. Specifically, Nationwide asserts that the policy's limitations provision renders Ernst's complaint untimely. Doc. 21 at 2. Nationwide's motion to dismiss is granted.

Nationwide's limitations provision requires legal action within five years "after the date on which the direct physical loss or damage occurred." Doc. 20-1 at 94. The parties agree that the loss occurred on August 4, 2012, and suit was not filed until seven years later. Doc. 22 at 1; Doc. 24 at 1–2. Ernst, however, argues that this provision should not be enforced under Kansas law. Doc. 25 at ¶ 20.

Kansas courts have long recognized that parties to an insurance contract may agree to the appropriate time in which to bring an action,

4

regardless of the applicable statute of limitations.[1] *McElroy v. Cont'l Ins. Co.*, 29 P. 478, 479 (Kan. 1892). Although there are cases to the contrary, *see, e.g.*, *Erickson v. Order of United Commercial Travelers of America*, 176 P. 989 (Kan. 1918); *Kansas Free Fair Ass'n v. Georgia Casualty Co.*, 190 P. 592 (Kan. 1920), those holdings are based on a now-repealed 1897 statute that prohibited the contractual shortening of statutory limitations periods. *See Pfeifer v. Fed. Express Corp.*, 304 P.3d 1226, 1230 (Kan. 2013). Following its repeal, the Kansas Supreme Court recognized that the Kansas statute of limitations does not prevent parties from contractually restricting their limitations periods and that freedom-of-contract principles strongly favor enforcing such agreements. *Pfeifer*, 304 P.3d at 1230–31. Therefore, the limitations provision in Ernst's insurance contract is enforceable. *See id.*

Because this provision is enforceable under Kansas law, Ernst's suit was untimely. He was required to bring any action against Nationwide related to his damaged silage cutter within five years of the damage—no later than August 4, 2017. Therefore, the plain language of the parties' contract bars suit. Nationwide's motion to dismiss is granted.

## B

After Nationwide moved to dismiss the amended complaint, Ernst sought leave to amend his complaint again to assert several additional claims. Doc. 25. The R&R determined that allowing Ernst leave to amend would be futile, Doc. 32, and Ernst objected. Doc. 33. His objections are overruled.

The R&R applied the correct legal standard to Ernst's request for leave to amend, observing that Fed. R. Civ. P. 15 governs Ernst's motion. Doc. 32 at 3–4; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] The parties have not directly addressed what substantive law should govern this dispute, but each has cited Kansas law. This Memorandum and Order assumes, without deciding, that Kansas law applies. *Cf. R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987) (refusing to consider conflicts-of-law arguments on damages issue, where although Pretrial Order was silent on the topic, "[t]he issues of law raised in the pretrial order were briefed by all the parties, citing Oklahoma law"); *Dr. Pepper Co. v. Adams Inv. Co.*, 940 F.2d 1538, 1991 WL 148876, at *1 (10th Cir. 1991) (considering conflicts-of-law arguments waived on appeal, where party addressed only Texas law in proceedings below).

When, as here, parties are past the time to amend as of right under Rule 15(a)(1), they may amend only with consent or leave of the Court, which should be given freely "when justice so requires." Rule 15(a)(2). But justice does not "so require" in the event of futility, which dooms a proposed pleading whose claims, as amended, would be subject to dismissal. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992). Thus, the Rule 12 motion-to-dismiss standard also governs Ernst's motion for leave. *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

Applying that standard, the R&R concluded that Ernst's proposed new claims are futile because each depends on Nationwide owing a duty that it did not, under Kansas law, actually owe. Specifically, the R&R rejected Ernst's assertion that Nationwide had a duty to provide him with a copy of the insurance policy, noting that "[t]his duty simply doesn't exist under Kansas law." Doc. 32 at 5. Further, the R&R stated that Ernst is not entitled to equitable estoppel because he failed to take reasonable, timely action to protect his rights. *Id.* at 11.

In his objection, Ernst asserts both that equitable estoppel is appropriate and that the R&R failed to evaluate his proposed new claims as independent causes of action instead of as alternative theories of equitable estoppel.[2] Specifically, he objects to the R&R on three grounds, arguing that (i) his proposed amended complaint asserts new independent torts, not new grounds for equitable estoppel, Doc. 33 at ¶ 2; (ii) Nationwide had a duty to affirmatively inform Ernst of his policy provisions under Kansas insurance regulations, Doc. 33 at ¶¶ 15, 18; and (iii) Ernst's proposed second amended complaint provides

---

[2] While Ernst presses the independent nature of his new proposed tort claims, *see* Doc. 33 at ¶ 2, he also appears to argue that these claims do encompass equitable estoppel, *see* Doc. 25 (labeling his Count II as "Fraud by Silence – Estoppel To Assert Contractual Limitation of Suit"). Construing his filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), Ernst's complaint can be rationally read to attempt tort claims, estoppel, or both.

6

sufficient fact allegations to support his new tort claims, Doc. 33 at ¶¶ 20–28.[3]

Regardless of whether Ernst intended his proposed second amended complaint to state novel tort claims or merely to estop Nationwide from enforcing its limitations provision, the R&R is correct that the proposed amendments would be futile. Therefore, Ernst's objections are overruled.

**1.** Two of Ernst's objections relate to the nature of his proposed claims and their plausibility. *See* Doc. 33 at ¶¶ 2–14 & 20–28. In essence, Ernst argues that Magistrate Judge James erred by viewing his proposed claims through the limited lens of equitable estoppel instead of as claims that "stand[] independent of any Equitable Estoppel." Doc. 33 at ¶ 2; *see also id.* at ¶ 3 ("The Magistrate's ruling fails to address the independent tort of Fraud . . . ."); *id.* at ¶ 9 ("The Plaintiff has his causes of action as they exist in the Common Law and as pled in the Proposed Second Amended Complaint."). Relatedly, he argues that the R&R failed to specifically consider and connect his proposed fact allegations to his proposed claims. *See* Doc. 33 at ¶¶ 20–28.

But the R&R's finding of futility remains sound—even if Ernst's claims are analyzed as fully independent causes of action as he argues they should be. Each new proposed tort claim is based on Ernst's argument that Nationwide had a duty to notify him of the contractual limitations provision. And each of these claims, considered on its merits as an independent tort, would be futile.

---

[3] Ernst also appears to argue that his pro se status either placed a heavier obligation on Nationwide or reduced Ernst's own obligations to review and understand the contracts that he entered. *See* Doc. 33 at ¶ 22; *see also* Doc. 25-1 at ¶¶ 52, 62, 75. Neither is correct. *See Marshall v. Kan. Med. Mut. Ins. Co.*, 73 P.3d 120, 129 (Kan. 2003) ("A party to a contract has a duty to learn the contents of a written contract before signing it."); *Miner v. Farm Bureau Mut. Ins. Co.*, 841 P.2d 1093, 1102–03 (Kan. Ct. App. 1992) (recognizing this duty even where a party cannot himself read); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal citations, quotation marks, and editing marks omitted)).

Ernst wishes to pursue three new causes of action. The first, his proposed Count II,[4] is a fraud by silence claim. To state a colorable fraud by silence claim under Kansas law, Ernst must plead facts plausibly showing that (i) Nationwide had knowledge of material facts that Ernst did not have and could not have discovered by the exercise of reasonable diligence, (ii) Nationwide was under an obligation to communicate those facts to Ernst, (iii) Nationwide intentionally failed to communicate them, (iv) Ernst justifiably relied on Nationwide to communicate the material facts, and (v) Ernst sustained damages as a result of Nationwide's failure. *Stechschulte v. Jennings*, 298 P.3d 1083, 1097 (Kan. 2013). Among other failings, Ernst cannot satisfy the first element because he could have discovered the limitation provision through reasonable diligence, such as by reading his policy or requesting a copy of the insurance policy if he could not locate one. *Cf. T.S.I. Holdings, Inc. v. Jenkins*, 924 P.2d 1239, 1254 (Kan. 1996) (denying party's claim for fraudulent misrepresentation and fraud by silence after the party failed to request the disputed information). For the same reason, Ernst cannot satisfy the justifiable reliance element either. *See id.*; *cf. Crandall v. Grbic*, 138 P.3d 365, 376–77 (Kan. Ct. App. 2006) (finding home buyers could not justifiably rely on seller's disclosure statement because buyers had home inspector's report and could have attended the inspection); *Sippy v. Cristich*, 609 P.2d 204, 208 (Kan. Ct. App. 1980) (quoting *Goff v. Am. Sav. Ass'n of Kan.*, 561 P.2d 897, 901 (Kan. Ct. App. 1977) (stating that a factor in determining justifiable reliance is "the opportunity for both parties to make an independent investigation").

Ernst's proposed Count III asserts negligent misrepresentation and is also futile. Under Kansas law, a party with a pecuniary interest in a transaction may be "liable for damages suffered by such other person caused by reasonable reliance upon the false information." *Stechschulte*, 298 P.3d at 1097–98 (reciting additional elements as (i) defendant's failure to exercise reasonable care in obtaining or communicating the false information, (ii) plaintiff's identity as the person for whose benefit the information was given, and (iii) defendant's intent to influence the transaction giving rise to damage). Ernst alleges that Nationwide provided false information by sending him a copy of a different policy, which did not include the five-year limitation, instead of the requested silage cutter policy, which did. Doc. 25-1 ¶ 57. But that act

---

[4] Ernst's original breach of contract claim forms Count I of his proposed Second Amended Complaint.

8

bears no causal relationship with Ernst's alleged damages: he did not request a copy of his policy or receive the wrong copy until *after* his time to bring suit had already expired. *Id.* Thus, Ernst's claim is futile because he cannot show either a causal connection between the allegedly false statement and his alleged injury or any reliance on the allegedly false information.

Finally, Ernst's proposed Count IV, titled "Spoliation or Destruction of a Cause of Action," also fails as a matter of law. The Kansas Supreme Court has held that, absent a special relationship or duty between parties, Kansas law does not recognize the tort of spoliation. *Koplin v. Rosel Well Perforators, Inc.*, 734 P.2d 1177, 1179 (Kan. 1987). Where such a relationship does exist, this claim may arise from negligent or intentional action. *Id.* For a claim based on negligence, a plaintiff must assert that the defendant negligently destroyed evidence and thereby impaired the plaintiff's right to sue a third party. *Id.* For an intentional-action claim, the plaintiff need only assert that the defendant intentionally destroyed evidence. *Id.* Ernst does not identify any evidence that Nationwide destroyed. *See* Doc. 25-1 at ¶ 69–81. Instead, he appears to assert that the policy was effectively destroyed because he was not provided a copy before the limitations period expired. Doc. 25-1 at ¶ 70. But Ernst acknowledges that he did eventually receive it—demonstrating that it was not, in fact, destroyed. *Id.* Thus, this claim is also futile, and Ernst's first and third objections are overruled.

**2.** Ernst's remaining objection is that the R&R incorrectly concluded that Nationwide had no duty to affirmatively advise him of the limitations provision by providing a copy of the insurance contract. Doc. 33 at ¶¶ 15–19. He makes essentially two arguments: that case law excuses his failure to read the contract in the event of "fraud, undue influence, or mutual mistake" and that K.S.A. § 40-2404(9) and K.A.R § 40-1-34 affirmatively imposed a duty on Nationwide to provide copies of his contract. Doc. 33 at ¶¶ 17–18.

Ernst's arguments are not enough to overcome the R&R's appropriate recommendations. First, his proposed second amended complaint does not allege facts showing fraud, undue influence, or mutual mistake in the *formation* of his insurance contract, such as might excuse him from knowledge of the terms to which he agreed. *See Albers v. Nelson*, 809 P.2d 1194, 1197 (Kan. 1991) ("Therefore, a party who signs a written contract is bound by its provisions regardless of the failure to read or understand the terms, unless the contract was *entered into* through fraud, undue influence, or mutual mistake." (emphasis

9

added)). Consequently, Ernst was—as Magistrate Judge James found—under a duty to familiarize himself with the terms of his insurance contract, regardless of whether Nationwide had a duty of its own. Doc. 32 at 9.

Second, Ernst's arguments about Nationwide's duty are wrong as a matter of Kansas law. The R&R correctly noted that K.S.A. § 2404(9)(a) might establish a duty not to misrepresent insurance policy provisions, but Ernst did not allege any affirmative misrepresentations. Doc. 32 at 6–7. Specifically, the R&R noted that Ernst alleges only a failure to affirmatively warn him of the limitations provision by providing a copy of the policy, not that Nationwide misrepresented the policy. *Id.* Further, the R&R properly determined that subsections 5(b), 6(d), and 8(h) of K.A.R. § 40-1-34 do not apply. Doc. 32 at 7–9. Subsection 5(b) prohibits agents from *concealing* pertinent provisions. Doc. 32 at 8–9. Subsection 6(d)'s requirement that insurers give reasonable assistance, so that claimants can comply with policy conditions, does not go so far as to create an enforceable duty to provide a copy of the insurance policy. *Id.* And Subsection 8(h) only imposes a duty to inform of a limitations deadline when an unrepresented claimant is in active negotiations with the insurance company in the 60 days leading up to that deadline. *Id.* at 9. (Nationwide, in contrast, had denied Ernst's claim long before the contractual limitations period expired.) Although Ernst generically objects to these findings, he identifies no specific basis for his contrary belief that Nationwide owed a duty. *See* Doc. 33 at ¶¶ 15–19. Instead, he continues to assume that a duty was owed and argues about Nationwide's failure to meet it. *See id.* at ¶ 18 ("The principal claims of the Plaintiff here are that the Defendant . . . failed to observe its duties under K.S.A. § 2404(9) and K.A.R. § 40-1-34 . . . ."). Thus, the R&R's conclusion that Nationwide owed no duty under these statutes or regulations stands. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (requiring specificity in objections to R&Rs).

There is one regulatory provision under which the R&R acknowledged a duty was possible: K.A.R. § 40-1-34(5)(a). Subsection 5(a) states that "[n]o insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented." It does not appear that Kansas courts have interpreted this language. Neither has this District or the Tenth Circuit interpreted Kansas law on the topic. *See Infinity Energy Res. v. St. Paul Fire & Marine Ins. Co.*, No. 12-

2685, 2013 WL 3792899, at *10 (D. Kan. July 19, 2013) (suggesting insurers do not have a duty to affirmatively warn insureds about policy limitations provisions, but not in the context of K.A.R. § 40-1-34).

In this absence of authority, the R&R concluded that the plain language of subsection 5(a) could arguably support a duty to warn but that Ernst still could not claim equitable estoppel, which requires a party "not to sleep on his rights." Doc. 32 at 8. Ernst again offers a generic objection, claiming that Nationwide effectively restricted his access to the policy. Doc. 33 at ¶¶ 17–19. This argument does not squarely meet the R&R's reasoning. Nonetheless, even a liberal reading of Ernst's objection is unavailing. If Nationwide had a duty, and assuming that Ernst did not "sleep on his rights," Ernst's estoppel claim would still be futile under Kansas law.

The Kansas Supreme Court has held that "[a] party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) *induced the first party to believe certain facts existed.* . . . Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction." *Gillespie v. Seymour*, 823 P.2d 782, 788–89 (Kan. 1991) (emphasis added). In sum: even if Nationwide had a duty, for Ernst to proceed with an equitable estoppel claim he must show that Nationwide acted to *induce* a specific belief in him. *Id.* But Nationwide's alleged failure to provide Ernst with a copy of his policy after the loss of his silage cutter could not have reasonably and affirmatively induced Ernst to believe that the terms of his insurance contract were different than what they were. *See Levi Strauss & Co. v. Sheaffer*, 650 P.2d 738, 743 (Kan. Ct. App. 1982) (citing *Rex v. Warner*, 332 P.2d 572, 579 (Kan. 1958) (stating that for estoppel to save an untimely action, the defendant must have taken some action that amounted to an affirmative inducement to delay plaintiff's action)); *see also Marshall v. Kan. Med. Mut. Ins. Co.*, 73 P.3d 120, 129 (Kan. 2003) (stating that a party to a written contract has the duty to learn the contents before signing); *Jones v. Reliable Sec. Inc.*, 28 P.3d 1051, 1062 (Kan. Ct. App. 2001) (stating, in contract-reformation context, that Kansas law recognizes an obligation on the insured to review and understand an insurance policy). Therefore, Ernst cannot satisfy the elements of equitable estoppel, and his objection to the R&R is overruled.

Ernst's objections are overruled. The R&R is adopted in full and is supplemented only to make the additional findings explained above, in further support of futility.

## C

Ernst also seeks to supplement his objections to the R&R. But his proposed pleading does not actually object to specific findings in the R&R. Instead, it seeks to lay out a new defense to Nationwide's motion to dismiss. Doc. 34 at ¶ 35. His motion to supplement is denied.

The R&R issued on July 27, 2021. Doc. 32. That gave Ernst until August 10, 2021, to file his objections. Rule 72(b)(2). Ernst did so, timely filing objections on August 10, 2021. Doc. 33. Then, on August 24, 2021, Ernst—claiming excusable neglect—sought to file a pleading that did not simply supplement his existing objections, but rather sought to allege new facts and add a new theory of his case. Doc. 34. Thus, it appears that Ernst's proposed supplement is not so much an objection to the R&R as it is an untimely response to Nationwide's motion to dismiss or long-delayed attempt to further amend his complaint. *See* Doc. 34 at ¶ 2 (claiming "excusable neglect or inadvertence" but offering only that Ernst did not "realize . . . this alternative argument" until after filing his original objections). That is reason enough to deny the motion.

But even if Ernst's motion had been timely and even if it could be fairly viewed as a further objection to the R&R, it could not alter the outcome. The new material that Ernst seeks to introduce is a fact allegation that his policy started with a one-year limitations provision and was later amended, via an endorsement not originally attached, to expand that provision to give a five-year period instead. Doc. 34 at ¶ 32. Ernst wishes to argue that because the five-year limitations endorsement was not attached to his original policy, it is facially invalid; that the one-year provision therefore remained in force instead; and that Nationwide should be estopped from asserting that one-year provision because it took two years to deny Ernst's claim. *Id.* at ¶ 40. Given that Ernst claims he did not receive any copy of his policy until after filing this suit, it is unclear how he can allege that the five-year provision was not attached at the time he purchased the policy. But even assuming that this allegation were true, Ernst has identified no requirement under Kansas law for Nationwide to notify him of the amendment, because it expanded, rather than reduced, Ernst's rights. The sole case on which Ernst relies does not suggest otherwise. *Id.* at ¶ 35; *see Topeka Tent & Awning Co. v. Glen Falls Ins. Co.*, 774 P.2d 984 (Kan. 1989) (holding only that endorsement limiting coverage was effective where it was attached to a policy, despite lack of countersignature). In fact, under Kansas law, the "[c]onsent of the policy holder is required if an

endorsement or rider attached to an insurance contract or policy *subsequent to the issuance date* of such contract or policy *reduces or eliminates* coverage or benefits of the contract or policy." K.A.R. § 40-1-32 (emphasis added). Assuming (as Ernst appears to belatedly claim) that the five-year limitations provision was added after the policy was issued, Ernst's rights were expanded, not reduced or eliminated, and Ernst has not demonstrated that Nationwide was required to obtain his consent. In short, Ernst's claims remain futile, with or without the proposed supplement.

### III

For the reasons set forth above, Nationwide's motion to dismiss, Doc. 21, is GRANTED; Ernst's objections to the Report and Recommendations, Doc. 33, are OVERRULED; and the Report and Recommendations, Doc. 32, is ADOPTED in full and supplemented by the additional findings described herein. Further, Ernst's motion to supplement his objections to the Report and Recommendations, Doc. 34, is DENIED.

It is so ordered.

Date:  April 21, 2022            s/ Toby Crouse
                                 Toby Crouse
                                 United States District Judge